# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:16-CV-00079-FDW

| | |
|---|---|
| MICHAEL L. PRATER, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>NANCY A. BERRYHILL,[1] Acting )<br>Commissioner of the Social Security )<br>Administration )<br>)<br>Defendant. )<br>) | ORDER |

**THIS MATTER** is before the Court on Plaintiff Michael Lance Prater's Motion for Summary Judgment (Doc. No. 11), filed March 6, 2017, and Defendant Acting Commissioner of Social Security Nancy A. Berryhill's Motion for Summary Judgment (Doc. No. 12), filed May 3, 2017. Plaintiff seeks judicial review of an unfavorable administrative decision on his application for Disability Insurance Benefits.

Having reviewed and considered the written arguments, administrative record, and applicable authority, and for the reasons set forth below, the Plaintiff's Motion for Summary Judgment is GRANTED and Defendant's Motion is DENIED. The Court VACATES the decision of the Administrative Law Judge ("ALJ") and REMANDS the case to the Commissioner for further proceedings.

---

[1] Pursuant to Fed. R. Civ. Pro. 25(d) Nancy A. Berryhill has been substituted for Carolyn W. Colvin as defendant in this suit.

1

# I. BACKGROUND

Michael L. Prater ("Plaintiff") filed for a period of Disability Benefits on May 3, 2012, under Title II and Title XVIII Part A, initially alleging a disability onset date of May 31, 2011, (later amended to November 24, 2012) due to Post Traumatic Stress Disorder ("PTSD"), Anxiety, Obsessive Compulsive Disorder ("OCD"), high blood pressure, and sleep problems. (Tr. 245). At the time of the application, Plaintiff was 57 years old. Plaintiff submitted evidence of his disability from Sonora Behavioral Healthcare, Inc.; Asheville Veterans Affairs Medical Center; and Olympus Health North Carolina, LLC.; including records from psychologist Dr. Barry Rand, psychiatrist Dr. Susan Glover, and therapist Dr. E. Lynn Marlow. (Tr. 25-28). These records were reviewed by Social Security Administration's ("SSA") medical consultants. (Tr. 138-39). Plaintiff's application was initially denied and then again upon his request for reconsideration. (Tr. 138, 143). Plaintiff then filed a written request for a hearing before an Administrative Law Judge on April 2, 2013, pursuant to 20 C.F.R. 404.929. (Tr. 117).

Administrative Law Judge Sherman Schwartzberg ("the ALJ") held a hearing on January 27, 2014. (Tr. 152). Before the ALJ issued his decision, the Department of Veterans Affairs ("VA") found Plaintiff completely disabled due to service-connected disabilities on February 11, 2014. (Tr. 775). Then, on March 7, 2014, the ALJ denied Plaintiff's application for disability. (Tr. 129). Plaintiff appealed the ALJ's decision to the Appeals Council and the case was remanded to explain, *inter alia*, why the ALJ assigned "little weight" to the VA's determination and other medical source opinions and to resolve conflicts in the Vocational Expert's testimony. (Tr. 134-36). The ALJ reconsidered the claim and issued a second decision denying Plaintiff's application on September 16, 2015. (Tr. 15-33). The Appeals Council denied further administrative review (Tr. 1), thereby rendering the ALJ's decision the final decision of the Commissioner of Social

Security. Plaintiff filed timely review to this court pursuant to on March 24, 2016, (Doc. No. 1), and the parties' Motions for Summary Judgment are now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this court is authorized to review the final decision of the Commissioner of Social Security to determine that (1) the Commissioner's decision is supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 401 (1971), and (2) that the Commissioner applied the correct legal standard. Hays v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*). The District Court does not review a final decision *de novo*, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986), and must uphold the decision if it is supported by substantial evidence. 42 U.S.C. § 405(g) ([T]the findings of the Commissioner … as to any fact, if supported by substantial evidence, shall be conclusive."); Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, which comprises more than a mere scintilla of evidence but may be less than a preponderance. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (quoting Richardson 402 U.S. at 401). Under this substantial evidence review, the reviewing court does not re-weigh conflicting evidence, determine credibility, or substitute its judgment for that of the Commissioner. Hays, 907 F.2d at 1456. The ALJ, not the Court, has the ultimate responsibility for weighing the evidence and resolving conflicts. Id.

## III. ANALYSIS

The issue before the ALJ was whether Plaintiff was disabled under the Social Security Act from November 24, 2012, to the date of the ALJ's decision. Disability is defined by 42 U.S.C. §

301 as "an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." The SSA requires an ALJ to follow a five-step process to make this determination. 20 C.F.R. § 404.1520(a)(1). If the claimant is found to be disabled or not disabled at any step in the process, the inquiry ends and the adjudicator does not need to proceed further in the evaluation process.

In step 1, an ALJ must determine whether the claimant is engaged in a substantial gainful activity. In step 2, the ALJ determines whether the claimant has a severe medically determinable impairment or a combination of impairments. In step 3, an ALJ will find whether the claimant's impairments meets or medically equals one of the "paragraph B or C" listings in 20 C.F.R. Part 404, Subpart P, Appendix 1. If an ALJ determines that the impairments are not so severe, the ALJ will pause to determine the claimant's Residual Functional Capacity ("RFC"). An ALJ will then use the RFC finding in step 4 to examine whether the claimant can perform the requirements of his past relevant work or, in step 5, whether the claimant can do any other work, considering the claimants RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(i-v).

In this case, the ALJ determined that Plaintiff was not disabled because his impairments did not meet or equal the "paragraph B or C" criteria in step 3 and that he could perform the requirements of past relevant work and other jobs available in the national economy in steps 4 and 5. (Tr. 31-33). On appeal, Plaintiff alleges the ALJ committed four errors in the evaluation of Plaintiff's RFC and a further errors in the ALJ's application of the RFC in steps 4 and 5. This Court agrees with Plaintiff that the ALJ committed error warranting remand because the failed to explain why Plaintiff's moderate limitation in concentration, persistence, and pace in step 3 was not incorporated into the ALJ's finding of Plaintiff's RFC. This Court finds Plaintiff's three

4

additional assignments of error in the RFC analysis unavailing: that the ALJ improperly assigned weight to Plaintiff's treating mental health examiners' opinions, the VA determination, and some of Plaintiff's Global Assessment of Functioning scores. Finally, Plaintiff also alleges that the ALJ failed to resolve conflicts between the Vocational Expert's testimony and the Dictionary of Occupational Titles in steps 4 and 5. However, because the Court finds that there was an error in the RFC finding, which provides the basis of the VE's testimony in steps 4 and 5, this Court will reserve judgment on this final argument asserted by Plaintiff. (Tr. 20-21).

### A. The ALJ's Analysis of Plaintiff's Residual Functional Capacity

Plaintiff argues this case should be remanded because the ALJ failed to explain why Plaintiff's moderate limitation in the ability to maintain concentration, persistence, and pace in step 3 was not incorporated into Plaintiff's RFC. The Commissioner argues that the ALJ's decision accounted for Plaintiff's limitation by including Plaintiff's social limitations.

In step 3 of an ALJ's analysis, the functional limitations of mental impairments are assessed within four broad categories: the ability to understand, remember, or apply information; to work with others; to concentrate, persist, or maintain pace; and to adapt or manage oneself. 20 C.F.R. § 404.1520a(c)(3). The ability to work with others refers to the ability to relate to and work with supervisors, co-workers, and the public. The ability to concentrate, persist, or maintain pace refers to the abilities to focus attention on work activities and stay on task at a sustained rate. 20 C.F.R. pt. 404, subpt. P, app. 1, § 404 12.00(E)(1-2). A limitation is assessed on a five-point scale: none, mild, moderate, marked, and extreme. 20 C.F.R. § 404.1520a(c)(4). If a claimant's limitations in these four broad categories do not meet or equal those listed in the "paragraph B or C" listings, the ALJ will determine the claimant's Residual Functional Capacity. 20 C.F.R. 404.1520(a).

When determining a claimant's RFC, an ALJ reviews all the evidence of record and performs a detailed analysis by itemizing the various functions contained in the broad categories found in the step 3 analysis. SSR 96-8p, 1996 WL 34184 at *4 (July 2, 1996). An ALJ concludes the analysis by issuing a finding of the claimant's RFC that describes the claimant's physical and mental capacities. The United States Court of Appeals for the Fourth Circuit has held that an RFC does not inferentially incorporate a limited ability to concentrate, persist, or maintain pace if it merely restricts the claimant RFC to "simple, routine, repetitive work." Mascio v. Colvin 780 F.3d 632, 638 (4th Cir. 2015) (explaining ability to perform simple tasks differs from ability to stay on task). While an ALJ may determine that an impairment in step 3 does not affect a claimant's ability to work (and thus, their RFC), such a determination must be explained. Id. (holding remand necessary when ALJ found a limitation in concentration, persistence, or pace in step 3 but failed to explain why it was not incorporated into claimant's RFC).

In step 3 of this case, the ALJ found that Plaintiff has "moderate difficulties" in social functioning and in concentrating, persisting, and maintaining pace but found that these limitations were not as severe to meet or equal "paragraph B or C" criteria. (Tr. 22-23). However, in the subsequent RFC analysis, the ALJ's assessment of Plaintiff's mental limitations is not so clear. As for Plaintiff's ability to work with others, the ALJ concurred with Dr. Lynn Marlow, Plaintiff's treating therapist, finding that Plaintiff was moderately limited in his ability to function in most stress situations and engage in most interpersonal relations. (Tr. 30). By contrast, the record of ALJ's finding of Plaintiff's ability to concentrate, persist, and maintain pace is ambiguous. While the ALJ found that Dr. Marlow's assessment of Plaintiff's ability to maintain pace was not consistent with the record, the ALJ only disagreed with the severity of Dr. Marlow's opinion that

6

Plaintiff has a marked limitation in his ability to concentrate. Id. (stating, "claimant is not as limited as Dr. Marlow determined.").

Nonetheless, at the conclusion of Plaintiff's RFC assessment, the ALJ omits a limitation in concentration, persistence and pace altogether, finding that Plaintiff's RFC was only restricted to "simple, routine, repetitive work; occasional contact with co-workers and supervisors; and no contact with the public." See Mascio, F.3d at 638 (holding that restrictions to "simple, routine, repetitive work" does not account for limitations in concentration, persistence, and pace). (Tr. 31). Plaintiff rightly argues that the decision must be remanded because, like in Mascio, there is ambiguity in the ALJ's reasoning in the RFC assessment. In Mascio, the court remanded a decision when the ALJ's conclusions did not explain conflicts with the evidence of record. Mascio, F.3d at 637. Here, there is inconsistency in the ALJ's conclusions, which, like in Mascio, frustrates the Court's ability to meaningfully review the record. Id. at 636.

The Commissioner cites three cases to argue that the ALJ satisfies Mascio and accounts for Plaintiff's limitation in concentration, persistence, and pace merely by incorporating` Plaintiff's social functioning limitations. (Doc. No. 13). However, the cases do not support the Commissioner's assertion. In each case, a district court held that an ALJ accounted for a claimant's moderate limitation to concentration, persistence, and pace with an RFC limitation relevant to the ability of the claimant to focus attention on work activities and stay on task at a sustained rate. See White v. Colvin, No. 1:14-CV-161-RLF, 2016 WL 1600313, at *7 (W.D.N.C. Apr. 21, 2016) (reviewing limitation to "nonproduction pace"); Horning v. Colvin, 3:14-CV-722-RJC, 2016 WL 1123103, at *4 (W.D.N.C. Mar. 21, 2016) (reviewing limitation to "nonproduction pace with little interaction with co-workers"); Taylor v. Colvin, 3:14-CV-00510-GCM, 2016 WL 1032345, at *7

7

(W.D.N.C. Mar. 15, 2016) (reviewing limitation to a low production setting). Thus, the Commissioner's assertion is without support.

In conclusion, the decision must be remanded because the ALJ erred by failing to explain why Plaintiff's moderate limitation in concentration, persistence, and pace in step 3 did not translate into a limitation in Plaintiff's RFC. The error is not harmless, as this potentially incomplete RFC formed the basis of the hypothetical submitted to the VE, (Tr. 77), and VE testimony based on incomplete hypotheticals may not provide basis for an ALJ's disability determination. Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989).

### B. The ALJ's Assignment of Weight in Determining Plaintiff's RFC

In addition to the defect above, Plaintiff alleges three additional assignments of error in the ALJ's RFC analysis, which the Court now addresses since they relate to the same step in the ALJ's analysis. An ALJ's RFC evaluation must be based on all of the relevant medical evidence in the case record. SSR 96-8p, 1996 WL 374184 (July 2, 1996). In general, an ALJ's assessment of the weight to be accorded to a medical opinion source will not be disturbed by a reviewing court. Dunn v. Colvin, 607 F. App'x 264, 267 (4th Cir. 2015). In each assignment of error, the Court disagrees with Plaintiff and finds that the ALJ's determination of weight is supported by substantial evidence.

#### 1. The Opinions of Plaintiff's Treating Physicians

The medical opinions of physicians who have long treated the claimant for impairments related to the disability determination are provided greater weight than those of non-examining physicians. 20 C.F.R. § 404.1527(c)(2)(i-ii); Radford v. Colvin 734 F.3d 288, 295-96 (4th Cir. 2013). A treating physician's opinion is accorded controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with

other substantial evidence in the record. Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). Thus, by negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight. Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996). Finally, the Court must defer to an ALJ's assignment of weight to medical sources unless they are unsupported by substantial evidence. Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012).

In this case, the ALJ accorded Plaintiff's treating mental health examiners little weight and accorded great weight to the non-examining, state agency psychological consultants. Plaintiff alleges this violates 20 C.F.R. § 404.1527(c)(2) and therefore warrants remand. (Tr. 20). Plaintiff argument is unavailing. The ALJ expressly found that treating psychologist Dr. Rand and treating psychiatrist Dr. Glover's opinions were not consistent with the medical evidence of record. (Tr. 29). Both physicians found that Plaintiff would not be able to work given his social impairments. Id. The ALJ cited to Dr. Marlow's analysis, Plaintiff's treating therapist, as conflicting evidence, who had stated that Plaintiff "did not have any limitations in activities of daily living, the ability to maintain socially appropriate behavior, and adhere to basic standards of neatness and cleanliness." Id. The ALJ went on to provide an extensive explanation as to which of Dr. Marlow's opinion was accorded weight. (Tr. 29-30).

The ALJ provided extensive explanation for why Dr. Marlow's opinion as to Plaintiff's social limitations and concentration, persistence and pace limitation was not consistent with the medical evidence of record. (Tr. 29-30). While the ALJ concurred that Plaintiff had moderate social functioning limitations, the ALJ found that Dr. Marlow's finding of four-or-more episodes of decompensation was without any documentation. Furthermore, the ALJ found that Dr.

Marlow's finding that Plaintiff was markedly limited in social functioning was contradicted by her own treatment notes.

In conclusion, according the deferential standard of substantial evidence review, Dunn, 607 F. App'x at 267, the ALJ's determinations of weight to be assigned to Plaintiff's treating physicians are supported by substantial evidence and this Court must defer to the ALJ's judgment. Hancock, 667 F.3d at 472.

## 2. The Veterans Affairs Disability Determination

Decisions by any other governmental agency that a claimant is disabled is not binding on an ALJ's determination. SSR 06-03P, 2006 WL 2329939 at *6 (Aug. 9, 2006). However, the Fourth Circuit has held that disability determinations by the Department of Veterans Affairs (VA) should be accorded substantial weight if it resulted from an evaluation of the same condition and same underlying evidence that was relevant to the ALJ's determination. Bird v. Commissioner of Social Security Administration, 699 F.3d 337, 343 (4th Cir. 2012). An ALJ may give less weight to a VA disability determination when the record before the ALJ demonstrates that such a deviation is appropriate. Id. Compare Cotton v. Colvin, No. 1:12-CV-00340-FDW-DSC, 2013 WL 4509710, at *3-4 (W.D.N.C. Aug. 23, 2013) (remanding when ALJ failed to address VA disability rating or explain consideration of disability rating); with Becker v. Colvin, 1:16-CV-00047-FDW, 2017 WL 1179154, at 2 (Mar. 28, 2017) (affirming when ALJ "fully explained the reasons" why the VA decision was generally inconsistent with the record).

In this case, on February 11, 2014, the VA determined that Plaintiff was unemployable because he was seventy-percent disabled due to his major depressive disorder and twenty-percent disabled due to his limited supination and pronation, left elbow, S/P injury, and four surgeries. (Tr. 775). Plaintiff's major depressive disorder was based on, *inter alia*, near-continuous

depression and obsessional rituals which interfere with routine activities. (Tr. 776). Because the ALJ determined that Plaintiff was severely impaired by major depressive disorder and obsessive compulsive disorder (Tr. 20), Plaintiff asserts that <u>Bird</u> requires the ALJ to accord the VA's finding of complete disability substantial weight. <u>Bird</u> 699 F.3d at 343 (remanding determination when ALJ accorded little weight to VA evaluation of same condition and same underlying evidence) (Doc. No. 11).

However, the court in <u>Bird</u> explained that an ALJ is permitted to give less weight to a VA determination when the record clearly demonstrates that such deviation is appropriate. <u>Id.</u> Here, the ALJ found that on several occasions, from November 2011 to January 2014, Plaintiff reported limited symptoms of his mental impairments leading up to VA's disability assessment in January, 2014. (Tr. 30). This suggests that the ALJ found that Plaintiff's impairments were not as severe as determined by the VA. Furthermore, the ALJ noted that the VA assessed Plaintiff's disabling medical condition on January 27, 2014, yet Plaintiff failed to report for treatment of this condition until February 2015, a delay of more than a year. <u>Id.</u> For these reasons, the ALJ found that the VA's determination of Plaintiff's complete disability should be given little weight. <u>Id.</u> This case is unlike <u>Bird</u>, wherein the ALJ deviated from the VA's determination merely because it had an effective date outside of the ALJ's pre-DLI assessment. <u>Bird</u>, 699 F.3d at 343-44.

In conclusion, the ALJ did not err by according less weight to the VA's determination due to evidence which a reasonable mind might find accept as adequate to support the ALJ's conclusion. Because the ALJ's determination was supported by substantial evidence, this Court may not disturb it upon review. <u>Hancock</u>, 667 F.3d at 472.

11

### 3. The Plaintiff's Global Assessment of Functioning Scores

Global Assessment of Function (GAF) ratings are medical opinions that measure an adult's social, occupational, and psychological functioning. Like other medical opinions, GAF ratings are given weight according to, *inter alia*, the quality of explanation a source provides for the opinion. 20 C.F.R. 404.1527(c)(3). Generally, a GAF rating that is unaccompanied by a clinician's explanation may not provide evidence of a claimant's disability. See McDaniel v. Astrue, No. 1:09-CV109, 2010 WL 311050, at *5 (W.D.N.C. July 22, 2010) (citing Seymore v. Apfel, 131 F.3d 152 (10th Cir. 1997), recommendation adopted No. 1:09-CV109, 2010 WL 3211048. Furthermore, an ALJ may accord less weight to medical opinions derived from a claimant's infrequently consulted medical sources, as they fail to provide a longitudinal picture of claimant's medical impairments. 20 C.F.R. 404.1527(c)(2). Finally, an error in assigning weight to medical opinions are harmless if remand would not result in a different result. Dower v. Astrue, No. 1:11-CV120, 2012 WL 1416410, at *5 (W.D.N.C. Mar. 19, 2012).

Here, the ALJ found that all of Plaintiff's submitted GAF ratings were unaccompanied by either a clinician's explanation or an indication as to which period the rating applied. (Tr. 31). For these reasons, the ALJ stated that the ratings could not provide a reliable longitudinal picture of Plaintiff's mental functioning for a disability analysis, and should therefore be accorded little weight. Id. Plaintiff's argument that the decision must be remanded because the ALJ's failed to explicitly apply this reasoning to each GAF rating is unavailing. (Doc. No. 11-1). At most, the ALJ's lack of thoroughness may amount to harmless error, as the defect the ALJ identified in the explicitly referenced GAF score is present in each unreferenced GAF rating. Because such an error would not lead to a different result, the error does not warrant remand. Dower, 2012 WL 1416410, at *5.

Therefore, the ALJ decision's to accord little weight to Plaintiff's GAF scores is supported by substantial evidence and the determination may not be disturbed by this Court. <u>Hancock</u>, 667 F.3d at 472.

## IV. CONCLUSION

Plaintiff's Motion for Summary Judgment (Doc. No. 11) is GRANTED, and Defendant's Motion (Doc. No. 12) is DENIED. The Court VACATES the ALJ's decision and REMANDS the case to the Commissioner for further proceedings consistent with this ORDER.

IT IS SO ORDERED.

Signed: June 27, 2017

Frank D. Whitney
Chief United States District Judge